IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| NATHAN RIECK, on behalf of himself<br>and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>P.A.M. TRANSPORT, INC., and<br>PAM CARTAGE CARRIERS, LLC<br><br>              Defendants. | )<br>)<br>)<br>)<br>)   Case No. 5:19-CV-5104-TLB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PAM'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL ENTRY AND INSPECTION**

COMES NOW the Defendant, P.A.M. Transport, Inc. ("PAM"),[1] and hereby responds to Plaintiff's Motion to Compel Entry and Inspection ("Motion to Compel"). As Plaintiff stated in his Motion to Compel, Plaintiff has requested his counsel be permitted to enter PAM's property "for purposes of inspection." Specifically, Plaintiff's counsel requests entry to PAM's "facilities located at 207 West Henri de Tonti Boulevard, Tontitown, Arkansas 72770, as well as adjoining properties and any other properties in close proximity, including but not limited to any:" administrative offices, offices of PCC, offices of Overdrive Leasing (a non-party), logistics offices to include dispatcher offices, training facilities, maintenance facilities, tractor and/or trailer parking lots, and driver lodging facilities. *See* Exhibit A to Motion to Compel.

PAM objects to such a broad and open-ended request for entry and inspection. Plaintiff's Request is unduly burdensome as any anticipated benefit to Plaintiff is greatly outweighed by the

---

[1] The Request for Entry and Inspection is directly only to PAM. To the extent Plaintiff seeks to inspection the offices of PAM Cartage Carriers, LLC ("PCC"), PCC joins in PAM's Response.

potential cost and risk associated with Plaintiff's counsel's inspection of the facility. PAM has never permitted this type of inspection of its facility. PAM operates its motor carrier business out of the Henri de Tonti location twenty-four hours a day, seven days a week. PAM does not allow third-party photography, videography, or other means of recording within its facility in order to protect its operations, its customers, and its business model.

If Plaintiff's counsel were permitted onto PAM's premises, they would become privy to certain confidential business secrets or plans. Video monitors project real time data into certain locations. For example, in the operations department, proprietary software and maps are displayed that show top customers, revenues, pricing information, freight bookings, loads, and other confidential and property data. In the dispatch department, video monitors display real-time data on current shipments, deadlines, tractor status, and other sensitive business information.

Most customer agreements require PAM to maintain the confidentiality of the customer and the shipments PAM hauls for it, sometimes including the fact that the entity is even a customer. PAM would have to attempt to obtain confidentiality waivers from each customer in the event their information is displayed during Plaintiff's counsel's inspection. Such a request could damage the business relationship between PAM and its customers, and the customers' confidences in PAM's ability to handle their accounts. Furthermore, it would be highly disruptive, not to mention very costly, if PAM were required to shut down operations so as to prevent a breach of its customer agreements during the time Plaintiff's counsel was on the premises.

In other areas of PAM's facilities, such as the tractor/trailer parking lots and maintenance facilities, PAM prohibits third-parties from entering these areas due to safety concerns. These areas contain large commercial motor vehicles and other heavy machinery in use, and are not

conducive to third-party visitors. The maintenance department also has video monitors displaying real-time information on customers and shipments.

Plaintiff's primary argument in support of such a broad and open-ended inspection request is to discern the distinctions between PAM, PCC, and Overdrive Leasing. Any information Plaintiff's counsel may hope to glean from an on-site inspection of PAM's premises may be accomplished through the less intrusive and already scheduled 30(b)(6) deposition. Plaintiff's counsel will presumably ask questions regarding the relationship between PAM, PCC, and Overdrive Leasing during this deposition. PAM does not know what information Plaintiff's counsel would be able to obtain walking through offices (other than perhaps a glance at a confidential customer contract or potential business plan laying out on a desk) that they cannot otherwise obtain during a 30(b)(6) deposition.

Furthermore, as pointed out in his Motion to Compel, the lodging facilities on PAM's premises are only used for employee drivers. The potential members of the class Plaintiff seeks to represent do not utilize those facilities. Accordingly, this request is irrelevant to the claims in the case and is not reasonably calculated to lead to the discovery of admissible evidence.

Lastly, PAM is a member of the Customs Trade Partnership Against Terrorism ("C-TPAT"). Pursuant to C-TPAT, PAM has implemented a Security Plan. According to the Security Plan, even PAM's own office employees are only permitted to access certain areas of the facility according to their job position. PAM takes its obligations under C-TPAT seriously and does not permit unauthorized entry onto its premises.

In a good faith effort to permit Plaintiff to view PAM's premises without the disruptive and burdensome in-person inspection, PAM is amenable to providing photographs of the areas requested. This would permit Plaintiff's counsel to have the visual aid it seeks of PAM's premises

without the disruption and would permit PAM to appropriately shield any potential customer data or confidential information from Plaintiff's view.

If Plaintiff's counsel is permitted to enter PAM's premises, PAM respectfully requests that they be required to follow PAM's policies, including visitor and photography polices, and not be allowed to photograph, videotape, or otherwise record any aspect of PAM's operations or facilities. PAM further requests that Plaintiff's counsel be prohibited from engaging with any employee or agent of Defendants while on the premises, and that they only be permitted to visit areas accompanied by counsel, and designated by the Court.

CONNER & WINTERS, LLP

<u>Amber J. Prince</u>
Kerri E. Kobbeman, AR #2008149
Amber J. Prince, AR #2007247
4375 N. Vantage Drive, Suite 405
Fayetteville, AR  72703
(479) 582-5711
(479) 587-1426 (fax)
kkobbeman@cwlaw.com
aprince@cwlaw.com


DICKINSON WRIGHT PLLC

<u>M. Reid Estes</u>
M. Reid Estes, Jr., BPR #9043
424 Church Street, Suite 800
Nashville, TN  37219
(615) 620-1737
(844) 670-6009 (fax)
restes@dickinsonwright.com

*Attorneys for the Defendant P.A.M. Transport, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 20th day of November, 2019, a copy of the foregoing was served on the following counsel of record via electronic mail:

Josh Sanford
Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, AR  72211
josh@sanfordlawfirm.com
sean@sandfordlawfirm.com

Hillary Schwab
Rachel Smit
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA  02111
hillary@fairworklaw.com
rachel@fairworklaw.com

                                             Amber J. Prince
                                             Amber J. Prince